| | |
|---|---|
| DISTRICT COURT, ADAMS COUNTY, COLORADO<br>1100 Judicial Center Drive<br>Brighton, CO 80601 | |
| PLAINTIFFS: **DWAYNE CRUSSELL, RACHAEL CRUSSELL**, and **SCOTT TENORIO**.<br><br>v.<br><br>DEFENDANTS: **AMERICAN FAMILY INSURANCE**. | ▲COURT USE ONLY▲ |
| Attorneys for Plaintiffs:<br>Daniel T. Goodwin, Esq., #2971<br>LAW OFFICES OF DANIEL T. GOODWIN<br>8001 Arista Place, Ste. 400<br>Broomfield, CO 80021<br>Telephone: 303-763-1600<br>Fax: 303-457-1175<br>E-mail: dangoodwin@danieltgoodwin.com<br><br>Paige Orgel, Esq., #46450<br>DONELSON BARRY, LLC<br>8001 Arista Place, Ste. 400<br>Broomfield, CO 80021<br>Telephone: 303-450-1665<br>Fax: 303-457-1175<br>E-mail: paigeorgel@db-lawyers.com | Case No:<br><br>Div.<br><br>Ctrm. |
| **COMPLAINT** | |

COMES NOW Dwayne Crussell, Rachael Crussell and Scott Tenorio (Plaintiffs) by and through their attorneys, Daniel T. Goodwin of the Law Offices of Daniel T. Goodwin and Paige Orgel of Donelson Barry, and for their Complaint against the Defendant state and allege as follows:

### GENERAL ALLEGATIONS

1. On November 6, 2011, at approximately 11:55 p.m., Dwayne Crussell and his family were in their vehicle stopped at the red light on the Colorado 76-East-Bound off-ramp at the intersection of Sheridan Boulevard. When the light turned green the vehicle proceeded east bound, making a left turn onto Sheridan Boulevard.

2. As the Crussell vehicle proceeded into the intersection for the turn, the Joseph Armenta vehicle ran the red light and collided with the front of the Crussell vehicle causing the Crussell vehicle to stop in the middle of the intersection, and the Armenta vehicle rotated clockwise and ran off the road down into a grass field.

3. At the time of the collision which is the subject matter of this action, Plaintiffs were residents of Adams County, Colorado.

4.    Venue and jurisdiction is proper in the County of Adams, State of Colorado as Defendant American Family Insurance Group (hereinafter referred to as Defendant "American Family") sells insurance and is licensed to do business in Adams County.

5.    At the time of the subject collision, Plaintiff had six (6) policies of insurance with Defendant American Family. All of these policies of insurance provided Under-insured Motorists ("UIM") coverage for the Plaintiffs herein. These policies provided UIM coverage as follows:

    a.    Policy #0740-0130-07-52-FFPA-CO   $25,000/$50,000;
    b.    Policy #0740-0130-08-52-FFPA-CO   $25,000/$50,000;
    c.    Policy #0740-0130-09-58-FFPA-CO   $25,000/$50,000;
    d.    Policy #0740-0130-12-38-FFPA-CO   $25,000/$50,000;
    e.    Policy #0740-0130-11-35-FFPA-CO   $100,000/$300,000; and
    f.    Policy #0740-0130-10-32-FOTH-CO   $25,000/$50,000.

6.    The Plaintiff's policies with Defendant provide Uninsured Motorists Coverage (Including Underinsured Motorists Protection). This coverage provides that Defendant will "pay compensatory damages for bodily injury which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle or an underinsured motor vehicle."

7.    At the time of the subject collision, Joseph Armenta was an "underinsured driver" pursuant to the terms and conditions of the American Family policies.

8.    The conduct of Mr. Armenta described herein constituted negligence under Colorado common law. Plaintiffs made a claim for and received payment of full policy limits from Mr. Armenta's insurance policy (Mr. Armenta's policy was also with American Family Insurance Company).

9.    Plaintiffs obtained the approval of Defendant before settling the claim with Mr. Armenta because of the underinsured status of Mr. Armenta. This approval was an admission by Defendant that Plaintiffs were entitled to recover against Mr. Armenta.

10.   American Family has investigated this claim and made a determination that the Plaintiff has a valid underinsured motorist claim for the collision at issue and that this claim is valid under the "stacking" provisions on all six (6) of the six (6) policies maintained by the Plaintiffs. Plaintiffs assert that all six (6) policies should be considered when taking the coverage into account.

11.   Notwithstanding, Defendant has refused to reasonably pay for the claims made by Plaintiffs against their own underinsured coverage.

12.   The Plaintiffs have suffered painful, disabling and permanent personal injuries as a consequence of the motor vehicle crash described herein.

13. The Plaintiffs have satisfied all conditions precedent to the receipt of UIM coverage from Defendant American Family, including the receipt of payment of liability insurance coverage on behalf of Mr. Armenta.

### FIRST CLAIM FOR RELIEF

14. The Plaintiffs incorporate and adopt as part of this claim, all the allegations previously set forth in this Complaint as if set forth herein.

15. Defendant American Family owes a contractual duty to pay UIM coverage to the Plaintiffs in an amount that compensates them for the legal recovery that they would have been entitled to receive from Mr. Armenta for their damages, losses and applicable pre-judgment interest.

16. The Plaintiffs have made demand for payment of UIM coverage from Defendant American Family, who has failed and refused to pay its coverage to the Plaintiffs.

WHEREFORE, the Plaintiffs pray for judgment against Defendant American Family in the proper amount of their UIM coverage, plus costs, prejudgment interest, and such other relief as the Court may deem appropriate in the circumstances.

### SECOND CLAIM FOR RELIEF

17. The Plaintiffs incorporate and adopt as part of this claim, all the allegations previously set forth in this Complaint as if set forth herein.

18. American Family has continued to delay and/or deny payment of UIM coverage to the Plaintiffs.

19. American Family's delay and/or denial of the Plaintiffs' benefits is unreasonable.

20. Pursuant to C.R.S. § 10-3-1 116 (1), the Plaintiffs are entitled to reasonable attorneys' fees and two times the covered benefit.

WHEREFORE, the Plaintiffs pray for a judgment against American Family of two times their covered UIM benefit, for their reasonable attorneys' fees, and for an award of interest, costs of suit, and such other relief as the Court may deem appropriate in the circumstances.

### JURY DEMAND

The Plaintiffs hereby request that their claims be tried before a jury of six persons, as provided to them as a matter of right under the law of the State of Colorado.

Respectfully submitted 23rd day of January, 2015.

LAW OFFICES OF DANIEL T. GOODWIN

*s/Daniel T. Goodwin*
Daniel T. Goodwin, #2971
ATTORNEYS FOR PLAINTIFF

Pursuant to C.R.C.P. 121 §1-26(9), a printed copy of this electronically-filed document with original signatures is being maintained at the Law Offices of Daniel T. Goodwin and is available for inspection by other parties or the court upon request.

DONELSON BARRY, LLC

s/Paige Orgel
Paige Orgel, Esq., #46450

Pursuant to C.R.C.P. 121 §1-26(9), a printed copy of this electronically-filed document with original signatures is being maintained at Donelson Barry, LLC, and is available for inspection by other parties or the court upon request.

Plaintiff's address:
4185 W 97th Ct.
Westminster, CO 80031-2683